FILED



JUL 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10115 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00096-LKK-1 |
| v. | |
| MARK C. ANDERSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted May 12, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and BENAVIDES,[***] and OWENS, Circuit
Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

After pleading guilty to multiple counts involving embezzlement, tax fraud, and arson, Mark Anderson ("Anderson") appeals his guilty plea and sentence, asserting ineffective assistance of counsel as his basis for challenging both the plea agreement itself and the district court's denial of his motion to withdraw his guilty plea, and asserting error in the district court's sentence.[1] We **AFFIRM**.

## I. Background

Anderson was indicted on March 15, 2007, and faced 19 charges of arson, interstate transportation of fraudulently obtained property, mail fraud, using a fictitious name in connection with a scheme to defraud, and tax evasion. Broadly, the indictment alleged that Anderson, during his operation of a wine storage business, embezzled wine held in storage on behalf of his clients, transporting the wine to buyers across state lines, fraudulently executing this scheme using two aliases, and failing to report the income from the embezzlement for tax purposes; the indictment further alleged that Anderson's scheme culminated in him setting fire to the storage warehouse, which resulted in injury.

The allegations underlying Anderson's representation-related claims concern his attorney Mark Reichel ("Reichel"), who was appointed as counsel by the court on October 30, 2007. While incarcerated pending trial, Anderson filed three letters

---

[1] Anderson initially appealed the district court's imposition of restitution, but he has since abandoned this argument.

complaining of Reichel. However, Anderson stated he wished to proceed with Reichel and, at a subsequent hearing on the letter-complaints, the courted found that Anderson was receiving appropriate representation based on evidence including Reichel's activities and investigatory bills. After a brief interlude, Anderson again wrote several more letters to the court complaining of inadequacies and inattentiveness in Reichel's representation. At a subsequent hearing on these complaints, the court reiterated its previous finding about the adequacy of Reichel's representation, but agreed with Reichel's suggestion to record attorney-client conversations and provide those recordings to the court under seal. Within six weeks, the court held a final hearing in which it found no merit to Anderson's last two letter-complaints about Reichel.

On November 16, 2009, Anderson pleaded guilty pursuant to a written plea agreement which stipulated that the attributable loss "would not exceed $200 million, thus increasing the offense level by 26." At the plea colloquy, Anderson affirmed the following: his sufficient discussion of the plea agreement with Reichel; the truth and accuracy of the government's recitation of the factual basis; and his understanding of the sentencing implications, specifically including mandatory minimum sentences, of the plea agreement.

The initial presentence investigation report ("PSR") recommended a sentence of 280 years imprisonment but, in response to defense arguments, the final PSR

reduced the recommended sentence to 30 years. Beginning after the issuance of the first PSR, Anderson wrote several letters to the court indicating his desire to vacate his guilty plea, and questioning the factual basis of his plea. At a status conference, the court appointed Jan Karowsky ("Karowsky") as additional counsel to advise Anderson on his plea withdrawal since Reichel had recommended against the withdrawal. Thereafter, the court relieved Reichel as Anderson's counsel, and Karowsky continued as counsel for Anderson.

On March 29, 2011, Anderson filed a motion to withdraw his guilty plea, based on ineffective assistance of counsel, which he supported with a declaration refuting factual stipulations of the plea agreement and asserting his innocence of counts to which he had previously pleaded guilty. After an evidentiary hearing, the district court denied the motion, and noted many of Anderson's allegations had been refuted by testimony.

On January 25, 2012, Anderson filed a sentencing memorandum, which the government opposed by arguing that Anderson had breached the agreement. The district court sentenced Anderson, *inter alia*, to serve 324 months in prison and to pay restitution of $70.3 million. Anderson timely appealed.

## II. Ineffective Assistance of Counsel at Plea-Bargaining Stage

Though we normally refrain from considering claims of ineffective assistance of trial counsel on direct appeal, "the record on appeal is sufficiently developed to permit determination of the issue." *United States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir. 2005), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). Since such claims present mixed questions of law and fact, claims of ineffective assistance of counsel are reviewed de novo and "[t]o the extent it is necessary to review findings of fact made in the district court, the clearly erroneous standard applies." *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

Within the *Strickland* rubric, Anderson must make the bipartite showing of (1) deficient performance of counsel, and (2) prejudice resulting from that deficient performance. *See United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Anderson first asserts that Reichel's performance was deficient due to "a personal conflict with Mr. Anderson that prevented him from acting as an advocate for Mr. Anderson." This argument, however, is unavailing because the conflict of which Anderson complains is not the type of conflict which can independently support Anderson's claim. *See Plumlee v. Masto*, 512 F.3d 1204, 1210 (9th Cir. 2008) (en banc) (noting that "in order to succeed on a claim based on an alleged conflict, there must be a showing of an *actual* conflict, namely that a defendant's attorney is representing conflicting interests"). Beyond the

lack of legal conflict, the factual bases for the alleged conflict are contradicted by the findings of the district court, and Anderson fails to support a "definite and firm conviction that a mistake has been committed." *Allen v. Woodford*, 395 F.3d 979, 992 (9th Cir. 2004) (quoting *United States v. Syrax,* 235 F.3d 422, 427 (9th Cir. 2000)). Anderson also asserts that Reichel's deficient performance is evidenced by an "illusory plea agreement," bereft of benefits in Anderson's favor. However, the plea agreement conveyed substantial benefits to Anderson in the joint recommendation by the parties, the government's recommendation of a reduction for acceptance of responsibility and the lower end of the guidelines range. *See, e.g.*, *United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014) (noting that the defendant benefits from a "united front" by all parties at sentencing).

### III. Withdrawal of Guilty Plea

Anderson also asserts error in the district court's decision to deny his motion for withdrawal of a guilty plea, which we review for an abuse of discretion. *United States v. Briggs*, 623 F.3d 724, 727 (9th Cir. 2010). Prior to sentencing, a district court may permit withdrawal upon a showing of "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). Anderson attempted to make this showing by asserting ineffective assistance of counsel, alleging that Reichel misrepresented both the finality of the plea, and the likely sentence as less than 18 months. This argument is unavailing

6

since, during the plea colloquy and prior to Anderson's guilty plea, the district court expressly clarified the pertinent sentencing considerations in a way which contradicted the alleged misrepresentations by Reichel, noting both the mandatory minimum sentence associated with one count as well as the final nature of the plea.

## IV. Breach of Plea Agreement

Anderson asserts that the government breached the plea agreement by failing to make recommendations consistent with the agreement's terms. Where, as here, a defendant fails to make a timely objection, we review the claim for plain error, *United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1187 (9th Cir. 2013); plain-error relief is available only "if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* Importantly, "[w]here a defendant has breached a plea agreement, courts have found the government to be free from its obligations." *United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir. 1997).

Under the terms of the plea agreement, the Government agreed to two concessions: (1) to not oppose a two-level reduction in Anderson's offense level based on his acceptance of responsibility; and (2) to recommend the low end of the applicable guidelines range, "as set forth in the stipulations" agreed to by the parties. We find merit in the government's position that Anderson's filings after pleading

guilty did not reflect acceptance of responsibility, and that Anderson's sentencing memorandum betrayed the agreed stipulations of the agreement.

In the first instance, the government's opposition to a reduction for acceptance of responsibility was not error in light of Anderson's numerous, post-plea filings asserting his innocence or challenging the factual basis of the agreement. In light of the district court's finding after the evidentiary hearing that the majority of Anderson's withdrawal-related allegations had been refuted, Anderson's post-plea declaration is fairly characterized as obstructive behavior and a violation of the plea agreement. *See* U.S.S.G. § 3C1.1. In the second instance, Anderson's sentencing memorandum argued for a 24-level increase in the base offense level, which was directly at odds with the 26-level increase stipulated in the plea agreement. With Anderson having thus violated the agreement's terms, the government was not obligated by those same terms, and we find no error in the government's failure to make a sentencing recommendation consistent with the plea agreement. Even assuming the government's inaction constituted a breach of the agreement, Anderson has not made the requisite further showing that, absent the breach, a more lenient sentence was "reasonably probable," rather than merely "possible." *Gonzalez-Aguilar*, 718 F.3d at 1189.

**V. Reasonableness of Sentence**

8

Anderson also challenges the reasonableness of the district court's sentence, broadly arguing that the court failed to properly apply the factors under 18 U.S.C. § 3553(a). We review sentencing decisions for an abuse of discretion, and consider the totality of the circumstances in evaluating the substantive reasonableness of a sentence. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court sentenced Anderson within the guidelines range and, contrary to Anderson's arguments, the record reflects that the court's determination was supported by its express consideration of the § 3553(a) factors. We therefore find no abuse of discretion in the district court's sentence.

**AFFIRMED.**